## LEERBURGER v. UNITED STATES.

(Circuit Court, S. D. New York. March 11, 1902.)

No. 2,722.

1. CUSTOMS DUTIES—CLASSIFICATION OF GOODS—REVIEW.

On an issue whether silk was the component material of chief value in certain wearing material, so as to make it assessable under paragraph 301 of the act of August 28, 1894, or cotton, so as to make it assessable under paragraph 258, it appeared that at the hearing before the board of general appraisers the government introduced the assistant appraiser's report, to the effect that silk predominated. The importer introduced two witnesses who testified, from a casual examination, that cotton predominated. On behalf of the collector an analysis by a chemist was in-

troduced, to the effect that he had made an examination of two samples cut from the importation, in one of which wool predominated, and in the other silk. *Held*, that as to the two samples a question of fact was made for the board, and that its decision sustaining the classification under paragraph 301 would not be disturbed.

2. SAME.

As to the remaining articles, it did not appear that the appraiser made any analysis before reaching his conclusion. On the other hand, evidence taken in the circuit court corroborated the testimony before the board that cotton predominated. *Held*, that the board's decision, sustaining the classification under paragraph 301, would be reversed.

Appeal by the Importer from a Decision of the Board of United States General Appraisers.

William B. Coughtry, for the importer.

Henry C. Platt, Asst. U. S. Atty.

COXE, District Judge (orally). The importations in this case consisted of certain articles of ladies' wearing apparel known as "boleros." The collector assessed them for duty under paragraph 301 of the act of August 28, 1894, as wearing apparel, silk being the component material of chief value. The importer protested insisting that the articles imported should have been classified under paragraph 258 of the same act as wearing apparel of which cotton is the component of chief value. The sole question here is one of fact, whether cotton or silk is the component of chief value. A finding that cotton is the component of chief value will lead to a reversal of the board of general appraisers. A finding that silk is the component of chief value will lead to an affirmance.

It appears that at the hearing before the board the government introduced the report of the assistant appraiser to the effect that silk was the component of chief value. The importer introduced two witnesses who testified from a casual examination of the goods that in their opinion cotton largely predominated and was the component of chief value. On behalf of the collector an analysis by Chemist Streuli was introduced to the effect that he had made an examination of two samples cut from the importation, known as 1,062 and 1,088, in one of which, namely, 1,062, he found wool was the component of chief value, and in the other, 1,088, that silk was the component of chief value. Without stopping to consider upon which side the evidence preponderates it is entirely clear that as to these two samples there was a question of fact presented to the board, and under the rule early established in this circuit the court will not be justified in setting aside the finding of the board on a question of fact, there being evidence to sustain the finding. The rule in such circumstances is analogous to the rule which obtains where the court is called upon to review the finding of fact of a referee or the verdict of a jury. The finding should not be disturbed unless the court is convinced that there was no evidence to sustain it, or that it was clearly against the weight of evidence.

As to the remaining articles involved in this appeal there is no evidence whatever to sustain the finding of the board except the report of the assistant appraiser, which is a simple statement by the appraiser that he has examined the goods and finds that silk is the component of chief

value. There is no evidence that the appraiser made an analysis before reaching his conclusion. On the other hand there were two witnesses examined before the board, and since their decision evidence has been taken in this court, the testimony being that of a witness who was not examined before the board, and also of Mr. Leerburger, who was so examined. The new tesimony corroborates the testimony before the board, that as to these importations cotton was the component of chief value and very largely predominated the silk. In other words, as to the samples not examined by the chemist the evidence is practically undisputed that cotton is the component of chief value.

Therefore, as to all of the importations involved in this appeal except the ones numbered 1,062 and 1,088, the decision of the board of appraisers is reversed, and as to those two, the decision is affirmed.